## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| LEO SHUMACHER,<br><br>  Plaintiff,<br><br>  v.<br><br>BMC STOCK HOLDINGS, INC., JAMES O'LEARY, DAVE FLITMAN, MARK ALEXANDER, CHEEMIN BO-LINN, CORY L. BOYDSTON, HENRY BUCKLEY, DAVID BULLOCK, DAVID L. KELTNER, MICHAEL MILLER, and CARL R. VERTUCA, JR.,<br><br>  Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Leo Shumacher ("Plaintiff"), by his undersigned attorneys and for his Complaint against defendants BMC Stock Holdings, Inc., James O'Leary, Dave Flitman, Mark Alexander, Cheemin Bo-Linn, Cory L. Boydston, Henry Buckley, David Bullock, David L. Keltner, Michael Miller, and Carl R. Vertuca, Jr. (collectively, "Defendants"), alleges upon knowledge with respect to his own acts, and upon information and belief with respect to all other matters, as follows:

## NATURE OF THE ACTION

1. This action arises from a proposed transaction (the "Transaction") through which BMC Stock Holdings, Inc. ("BMC" or the "Company") will be acquired by Builders FirstSource, Inc. ("Builders FirstSource"). BMC's Board of Directors (the "Board") approved the Transaction on August 26, 2020, and the Company has entered into an agreement and plan of merger (the "Merger Agreement") pursuant to which BMC's stockholders will receive 1.3125 shares of Builders FirstSource common stock for each share of BMC common stock they own.

2. In connection with the Transaction, the Company was required by Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") to file a proxy statement with the United States Securities and Exchange Commission ("SEC"). The Company filed a preliminary joint proxy statement/prospectus with Builders FirstSource on Form S-4 on October 8, 2020 (the "Proxy Statement"). The Proxy Statement was intended to advise stockholders of a broad range of information regarding the Transaction—before the required stockholder vote on the Transaction—so that stockholders are able to make informed decisions whether to vote in favor of, or against, the Transaction.

3. This action focuses on the insufficiency of specific disclosures on a narrow group of topics by the Company in the Proxy Statement, which omit material information and, therefore, render the Proxy Statement false and misleading in violation of Section 14(a) of the Exchange Act.

4. By this action, Plaintiff seeks to compel Defendants to issue an amended Proxy Statement supplementing its disclosures on these topics to advise stockholders of all relevant and material information on these particular topics prior to the stockholder vote.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Section 14(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over Defendants because each Defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all relevant times, the owner of BMC common stock.

9. Defendant BMC is a Delaware corporation and maintains its principal executive offices at 4800 Falls of Neuse Road, Suite 400, Raleigh, North Carolina 27609. BMC's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "BMCH."

10. Defendant James O'Leary is Chairman of the Board of the Company.

11. Defendant Dave Flitman is Chief Executive Officer, President, and a director of the Company.

12. Defendant Mark Alexander is a director of the Company.

13. Defendant Cheemin Bo-Linn is a director of the Company.

14. Defendant Cory J. Boydston is a director of the Company.

15. Defendant Henry Buckley is a director of the Company.

16. Defendant David Bullock is a director of the Company.

17. Defendant David L. Keltner is a director of the Company.

18. Defendant Michael Miller is a director of the Company.

19. Defendant Carl R. Vertuca Jr. is a director of the Company.

20. The Defendants identified in the preceding paragraphs are collectively referred to herein as the "Individual Defendants."

**FACTUAL BACKGROUND**

**The Proposed Transaction**

21. BMC is a provider of diversified building materials and solutions to new construction builders and professional remodelers in the United States. It offers a range of products including millwork and structural component manufacturing capabilities, consultative showrooms and design centers, value-added installation management, and an eBusiness platform.

22. On August 26, 2020, the Company entered into the Merger Agreement with Builders FirstSource. Pursuant to the terms of the Merger Agreement, BMC's stockholders will receive 1.3125 shares of Builders FirstSource common stock for each share of BMC common stock they own.

23. The press release announcing the Transaction states, in relevant part, as follows:

> Builders FirstSource, Inc. (Nasdaq: BLDR) ("Builders FirstSource") and BMC Stock Holdings, Inc. (NASDAQ: BMCH) ("BMC"), today announced that they have entered into a definitive merger agreement under which Builders FirstSource and BMC will combine in an all-stock merger transaction to create the nation's premier supplier of building materials and services. The companies will host a joint conference call today at 7:30 a.m. Central Time (8:30 a.m. Eastern Time) to discuss the transaction.
>
> Under the terms of the agreement, which has been unanimously approved by the Boards of Directors of both companies, BMC shareholders will receive a fixed exchange ratio of 1.3125 shares of Builders FirstSource common stock for each share of BMC common stock. Upon completion of the merger, existing Builders FirstSource shareholders will own approximately 57% and existing BMC shareholders will own approximately 43% of the combined company on a fully diluted basis. The merger is expected to be tax free for U.S. federal income tax purposes. . . .
>
> Leadership and Governance
>
> Following the transaction closing, the combined company will operate under the name Builders FirstSource, Inc. and will be headquartered in Dallas, TX, while maintaining key functional corporate centers of excellence in both Raleigh, NC and Denver, CO.

In addition to the succession of Dave Flitman as Chief Executive Officer of the combined company, the management team will be comprised of leaders from both organizations. Peter Jackson, Chief Financial Officer of Builders FirstSource, will serve as Chief Financial Officer of the combined company. The transition and integration of the combined company will be led by Dave Rush, Chief Operating Officer of Builders FirstSource's East Region, who led the integration team for Builders FirstSource in its ProBuild acquisition, and Jim Major, Chief Financial Officer of BMC.

Upon closing, the combined company's Board of Directors will have 12 directors, consisting of seven members from the Builders FirstSource Board of Directors and five members from the BMC Board of Directors. Paul S. Levy, Co-Founder and current Chairman of the Board of Builders FirstSource, will serve as Chairman of the Board of Directors of the combined company. . . .

Timeline and Approvals

The transaction is expected to close in late 2020 or early 2021, subject to, among other things, the expiration or termination of the applicable waiting periods under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, as amended, as well as other customary closing conditions. The transaction requires the approval of shareholders of both Builders FirstSource and BMC.

Advisors

Rothschild & Co and Morgan Stanley & Co. LLC are serving as financial advisors to Builders FirstSource and Skadden, Arps, Slate, Meagher & Flom LLP is serving as its legal advisor. Moelis & Company is serving as financial advisor to BMC and Simpson Thacher & Bartlett LLP is serving as its legal advisor.

**The False And Misleading Proxy Statement**

24. On October 8, 2020, Defendants filed the Proxy Statement with the SEC in connection with the Transaction, which omits certain material information as set forth in detail below.

25. First, with respect to the Company's financial projections, the Proxy Statement fails to disclose all line items used to calculate adjusted EBITDA and unlevered free cash flow.

26. <u>Second</u>, with respect to Builders FirstSource's financial projections, the Proxy Statement fails to disclose all line items used to calculate adjusted EBITDA and unlevered free cash flow.

27. These disclosures are material because they provide the basis for understanding the projected financial performance of the Company—and thus the potential value of the Company in an acquisition—and allow stockholders to analyze the financial analyses performed by the company's financial advisor in support of its fairness opinion.

28. <u>Third</u>, with respect to Moelis & Company LLC's ("Moelis") discounted cash flow ("DCF") analysis of the Company, the Proxy Statement fails to disclose: (i) the terminal values of BMC; (ii) the individual inputs and assumptions underlying the implied perpetuity growth rates of 1.5% to 2.5%; and (iii) the individual inputs and assumptions underlying the discount rates ranging from 9.00% to 10.50%.

29. <u>Fourth</u>, with respect to Moelis' Builders FirstSource DCF analysis of Builders FirstSource, the Proxy Statement fails to disclose: (i) the terminal values of Builders FirstSource; (ii) the individual inputs and assumptions underlying the implied perpetuity growth rates of 1.5% to 2.5%; and (iii) the individual inputs and assumptions underlying the discount rates ranging from 8.75% to 10.25%.

30. <u>Fifth</u>, with respect to Moelis' Net Synergies Estimates DCF Analysis, the Proxy Statement fails to disclose: (i) the terminal values used in the analysis; (ii) the individual inputs and assumptions underlying the implied perpetuity growth rates of 1.5% to 2.5%; (iii) the individual inputs and assumptions underlying the discount rates ranging from 8.75% to 10.25%; and (iv) the terminal year after-tax synergies used in the analysis.

31. <u>Sixth</u>, with respect to Moelis' Selected Public Companies Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the companies observed in the analysis.

32. <u>Seventh</u>, with respect to Moelis' Premiums Paid Analysis, the Proxy Statement fails to disclose: (i) the transactions observed by Moelis; and (ii) the premiums paid in the transactions.

33. These disclosures are important because stockholders are entitled to consider, in connection with a banker's fairness opinion opining on the fairness of the Transaction, the particular valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

34. <u>Eighth</u>, the Proxy Statement fails to disclose the amount of the "discretionary fee" Moelis may receive in connection with the Proposed Transaction; the circumstances under which such fee may be paid; and whether the Individual Defendants intend to pay such fee to Moelis. This omission is critical because stockholders are entitled to consider the extent to which Moelis' opinion may have been influenced by its financial interest in the approval and consummation of the Transaction (i.e. the event required for Moelis to receive compensation).

35. The Company's omission of the categories of information set forth above render the Proxy Statement false and misleading. By the same token, disclosure of the above-referenced omitted information would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I
## <u>VIOLATION OF SECTION 14(A) OF THE EXCHANGAE ACT AND RULE 14A-9</u>
**(Against BMC and the Individual Defendants)**

36. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

37.     The Individual Defendants were responsible for preparing, reviewing, and/or disseminating the Proxy Statement, which misstated material facts and omitted to state material facts necessary to make the statements therein not materially false or misleading.  By virtue of their positions within the Company, the Individual Defendants were aware of the information misstated and had a duty to correct or disclose misstates and inaccuracies in the Proxy Statement.

38.     The Individual Defendants were, at best, negligent in causing the Company to file the Proxy Statement with these materially false and misleading statements, and thus are liable for violations of Section 14(a) of the Exchange Act and Rule 14a-9.

39.     BMC is liable for violations of Section 14(a) of the Exchange Act and Rule 14a-9 as the issuer of the false and misleading statements in the Proxy Statement.

40.     The misstatements and omissions in the Proxy Statement are material in that they significantly altered the total mix of information made available in the Proxy Statement, and a reasonable stockholder would consider them important in deciding how to vote on the Transaction.

41.     The Proxy Statement is an essential link in causing Plaintiff to approve the Transaction.

42.     Plaintiff faces irreparable harm as a result of Defendants' violations of the Exchange Act.  Specifically, Plaintiff is entitled to fully and fairly informed vote on the Transaction, which will not occur if the stockholder vote is permitted to proceed under the false and misleading Proxy Statement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and relief as follows:

A.      Preliminarily and permanently enjoin Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Transaction;

B.  Direct the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

C.  Declare that Defendants violated Section 14(a) of the Exchange Act, as well as Rule 14a-9, and are liable as to any relief sought herein.

E.  Award Plaintiff the costs of this action, including reasonable allowance for attorneys' fees, experts' fees and expenses; and

F.  Grant such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: November 6, 2020

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

**EAST END TRIAL GROUP LLC**
Kevin W. Tucker
Kevin Abramowicz
186 42nd St., P.O. Box 40127
Pittsburgh, PA 15201
Telephone: (412) 877-5220
Email: ktucker@eastendtrialgroup.com
Email: kabramowicz@eastendtrialgroup.com

*Attorneys for Plaintiff*